[Civ. No. 1983.   First Appellate District.—June 8, 1917.]

## MARY GAY, Appellant, v. MILWAUKEE BREWERY OF SAN FRANCISCO (a Corporation), Respondent.

SURETYSHIP—PAYMENT OF RENT—LIMITATION OF LIABILITY.—A surety on a bond given to secure the payment of rent who makes payment to the lessor of the full amount stated in the bond is not required to account to the lessor for any amount received from the lessees by way of reimbursement, and where a sum in excess of the amount of the bond is paid by the surety to the lessor by mistake, it may be recovered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Bourdette & James, and Franklin T. Poore, for Appellant.

Walter Perry Johnson, for Respondent.

THE COURT.—By this action plaintiff seeks to recover rent under a lease, and to hold the defendant as surety under a bond given by it to secure its payment.   In defense of the action the defendant pleaded that its liability was expressly limited by the terms of the bond to the sum of five thousand dollars, and averred that in accordance with the demands of the plaintiff made upon it monthly, it had paid thereunder the full sum of five thousand dollars, and that its entire liability was thereby extinguished.   With its answer the defendant filed a cross-complaint, in which it was set forth that it had, in addition to the five thousand dollars, paid by mistake the sum of $550, and prayed judgment against the plaintiff for this amount.   It recovered judgment in accordance with its prayer, and the appeal is by plaintiff from such judgment.

It appears from the record that the defendant was reimbursed by the lessees, its principals, a portion of the amount paid by it under the bond; and the only question here presented is whether or not a surety is required to account to the obligee of the bond for such payments, it being the contention of the plaintiff that the defendant as surety is liable for the amount stated in the bond above and beyond any sum that it may have received from the lessees by way of reimbursement.

We do not think that this contention can be maintained. The defendant as surety having paid to plaintiff all that it undertook to pay under the bond, is under no obligation to pay any further sum. Upon payment by it of the rent as it became due the lessees became liable to the defendant for the amount so paid, and the defendant had a right to pursue them for its return, and any amount so recovered would not inure to the benefit of the lessor. The defendant having responded to all the requirements of its contract of suretyship, no further liability can be imposed upon it.

The judgment is affirmed.

## ADDENDA TO OPINION ON FILE.

In the opinion on file in this cause we omitted to refer to the contention of appellant—although we had considered it and found it untenable—that the $550 paid by respondent in excess of the amount called for by its bond was paid voluntarily, and consequently cannot be recovered by it. As is to be gathered from the opinion already filed, the evidence establishes that this payment was made through a mistake of fact. The trial court therefore was not in error in holding that it could be recovered and in rendering judgment accordingly.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1917.